IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
IN ADMIRALTY

CASE NO:

CAPITAL ONE, National Association,
as successor by merger to North Fork Bank,

      Plaintiff,

vs.

M/Y THREE DOG NIGHT, her engines,
boats, tackle, apparel, furniture and
furnishings, equipment and appurtenances
etc., *in rem*, and J & K DORF, LTD.,
and RANDY SCOTT DORFMAN and
MARY ELLEN DORFMAN, *in personam*,

      Defendants.
_____/

VERIFIED COMPLAINT IN REM
RULE 9(h)

  COMES NOW Capital One, National Association, as successor by merger to North Fork Bank, (hereinafter Capital One) by and through its undersigned attorneys in a cause of action both civil and maritime and alleges upon information and belief:

  1. This is a case within the admiralty and maritime jurisdiction of this court within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, 28 U.S.C. § 1333 and 46 U.S.C. § 31325(c), instituted in accordance with the provisions of Rule C of the Supplemental Rules for Certain Admiralty and Maritime claims to foreclose a first preferred mortgage on a documented vessel.

2. At all times material hereto, Capital One was and now is a national banking association organized and existing pursuant to the laws of the United States, with a place of business in Melville, New York.

3. At all times material, defendant J & K DORF, LTD, was a company organized and existing pursuant to the laws of Tortola, British Virgin Islands, with its principal place of business in at 2nd Floor Abbott Building, Road Town, Tortola, British Virgin Islands and is owner of the M/V THREE DOG NIGHT and obligor on a First Preferred Ships Mortgage on the M/V THREE DOG NIGHT.

4. At all times hereinafter mentioned, Defendant M/Y THREE DOG NIGHT, was and is a 2006, 82 foot, Predator, British Flag, fiberglass hull, pleasure yacht, built by Sunseeker International (Boats) Ltd., with official number 738700, and hull identification number GB SXK032261506, which vessel is now or will be during the pendency of this action within the jurisdiction of this Honorable Court.

5. At all times material hereto, RANDY SCOTT DORFMAN was and is an individual whose principal place of residence is currently in Las Vegas, Nevada and who personally guaranteed the loan obligation of J & K Dorf on the Three Dog Night.

6. At all times material hereto, MARY ELLEN DORFMAN was and is an individual whose principal place of residence is currently in Las Vegas, Nevada and who personally guaranteed the loan obligation of J & K Dorf on the Three Dog Night.

7. The personal guaranty of the loan on the Three Dog Night was executed in Broward County, Florida.

8. On or about November 30, 2005 J & K DORF, LTD borrowed $2,000,000.00 from Capital One for the purchase of the M/Y THREE DOG NIGHT, official number 738700. This loan transaction is memorialized by a Marine Note and Security Agreement executed in Broward County, Florida by Randy Scott Dorfman as Director of J & K DORF, LTD, and, dated November 30, 2005. A copy of the Promissory Note is attached hereto as **Exhibit A.**

9. At the same time, Randy Scott Dorfman, as Director of J & K DORF, LTD, executed the promissory note, J & K DORF, LTD. granted a ship mortgage to Capital One, in the amount of $2,000,000.00, on the British Documented vessel THREE DOG NIGHT, pursuant to pursuant to the Merchant Shipping Act 2001 of the British Virgin Islands.

10. The First Preferred Ship's Mortgage on the M/Y THREE DOG NIGHT was recorded with the Registrar of Ships of the British Virgin Islands on January 27, 2006 and all conditions precedent for perfection of mortgage lien have been complied with. A copy of the Mortgage agreement and Deed of Covenants, as recorded with the Registrar of Ships on January 27, 2006, are attached hereto as **Exhibit B & Exhibit C** respectively.

COUNT I
FORECLOSURE OF MORTGAGE OF A SHIP

11. Plaintiff hereby realleges and incorporates paragraphs 1 thorough 10 as if set out fully herein and further alleges:

12. J & K DORF, LTD is in default of their obligations pursuant to the Marine Note and Security Agreement and Ship Mortgage by reason of failure to make payments on the loan, when due and payable, since April 30, 2011 and pursuant to other events of default included in the note and mortgage.

13. On or about June 28, 2011 Capital One provided J & K Dorf, Ltd. and the guarantors of the note with notice of default and demand for payment of the full principal balance plus interest, late fees and all other costs and legal fees.

14. As a result of their default J & K DORF, LTD, is indebted to Capital One in the amount of $1,666,626.42, as of April 30, 2011, plus accruing interest at the rate of $490.86 per day, and penalties, and costs, attorney's fees and all other costs of this action, including Marshal's fees and expenses, fees and costs of the substitute custodian, fees and costs of keeping, preserving and protecting and selling the vessel, and future costs of this and any other necessary legal proceeding.

15. Capital One, hereby forecloses its Preferred Ship Mortgage on the M/Y THREE DOG NIGHT, pursuant to 46 U.S.C. § 31325(b)(1) based upon default in payment of installments due pursuant to the Marine Note and Security Agreement and other defaults pursuant to the note and mortgage.

16. Plaintiff has duly performed all duties and obligations on its part to be performed and all conditions precedent to recovery pursuant to the Marine Note and Security Agreement and Preferred Ship Mortgage have been fulfilled or waived.

17. Plaintiff, pursuant to the terms of the Marine Note and Security Agreement is entitled to recover all its attorney's fees and costs in this action plus all costs and expenses of retaking, maintaining, repairing, rehabilitating, advertising, cleaning, storing and selling the vessel and all such costs and fees constitute an additional obligation pursuant to the Marine Note and Security Agreement and First Preferred Ship Mortgage and shall accrue interest at the default rate in the Note.

## COUNT II
## BREACH OF CONTRACT

18. Plaintiff hereby realleges and incorporates paragraphs 1 thorough 10 & 13 as if set out fully herein and further alleges:

19. J & K DORF, LTD is in breach of its obligations pursuant to the Marine Note and Security Agreement and the Preferred Ship Mortgage attached hereto as Exhibits A and B through failure to make payments on the loan and breach of other terms and conditions of the note and mortgage.

20. Plaintiff is entitled to proceed against J & K DORF, LTD for the deficiency remaining after foreclosure of the Preferred Ship Mortgage pursuant to 46 U.S.C. § 31325(b)(2).

21. As a result of its breach, J & K DORF, LTD, is indebted to Capital One in the amount of $$1,666,626.42, plus accruing interest and penalties, and costs and attorney's fees, and all other costs of this action, including Marshal's fees and expenses, fees and costs of the substitute custodian, fees and costs of keeping, preserving and protecting and selling the vessel, and future costs of this and any other necessary legal proceeding.

22. Plaintiff has duly performed all duties and obligations on its part to be performed and all conditions precedent to recovery pursuant to the Marine Note and Security Agreement and First Preferred Ship Mortgage have been fulfilled or waived.

23. Plaintiff, pursuant to the terms of the Marine Note and Security Agreement, is entitled to recover all its attorney's fees and costs in this action plus all costs and expenses of retaking, maintaining, repairing, rehabilitating, advertising, cleaning, storing and selling the vessel and all such costs and fees constitute an additional obligation pursuant to the Marine

Note and Security Agreement and First Preferred Ship Mortgage and shall accrue interest at the default rate in the Note.

## COUNT III
### BREACH OF GUARANTY

24. Plaintiff hereby realleges and incorporates paragraphs 1 thorough 10 & 13 as if set out fully herein and further alleges:

25. On or about November 30, 2005 Randy Scott Dorfman and Mary Ellen Dorfman entered into a Guaranty Agreement with North Fork Bank for the benefit of J & K Dorf Ltd. A copy of the Guaranty Agreement is attached hereto as **Exhibit D**.

26. J & K DORF, LTD has defaulted on its obligations pursuant to the Marine Note and Secruity Agreement and Ship Mortgage on the M/Y Three Dog Night.

27. Guarantors Randy Scott Dorfman and Mary Ellen Dorfman are in breach of the terms of the Guaranty Agreement by failure to pay the liabilities of J & K Dorf Ltd. pursuant to the Marine Note and Security Agreement and Ship Mortgage.

28. As a result of their breach, Randy Scott Dorfman and Mary Ellen Dorfman are jointly and severally indebted to Capital One in the amount of $$1,666,626.42, plus accruing interest and penalties, and costs and attorney's fees, and all other costs of this action, including Marshal's fees and expenses, fees and costs of the substitute custodian, fees and costs of keeping, preserving and protecting and selling the vessel, and future costs of this and any other necessary legal proceeding.

29. Plaintiff has duly performed all duties and obligations on its part to be performed and all conditions precedent to recovery pursuant to the Marine Note and Security Agreement and First Preferred Ship Mortgage have been fulfilled or waived.

30. Plaintiff, pursuant to the terms of the Guaranty, is entitled to recover all its attorney's fees, costs and expenses incurred in connection with the administration, supervision, collection, or enforcement of, or the preservation of any rights under the Guaranty or any of the Liabilities, including without limitation, the fees and disbursements of counsel for plaintiff, whether out of court, in trial, or appeal or otherwise in this action including all costs and expenses of retaking, maintaining, repairing, rehabilitating, advertising, cleaning, storing and selling the vessel which constitute an additional obligation pursuant to the Marine Note and Security Agreement and First Preferred Ship Mortgage and shall accrue interest at the default rate in the Note.

WHEREFORE, plaintiff prays:

A. That process in due form of law according to the rules and practices of this Honorable Court in causes of admiralty and maritime jurisdiction may issue against the M/Y THREE DOG NIGHT, her engines, tackle, furniture, apparel, appurtenances, etc., and that all persons claiming any title or right to said vessel may be cited to appear and answer under oath the allegations of this Verified Complaint;

B. That the preferred ship mortgage held by Capital One, National Association, as successor by merger to North Fork Bank, be foreclosed and that a decree be entered against the M/Y THREE DOG NIGHT, her engines, tackle, furniture, apparel, appurtenances, etc., onboard and ashore for the full amount of the amount due on the promissory note, accrued interest and penalties, and costs, attorneys fees and all other costs of this action, including Marshal's fees and expenses, fees and costs of the substitute

custodian, fees and costs of keeping, preserving and protecting and selling the vessel, and future costs of this and any other necessary legal proceeding.

C. That the M/V THREE DOG NIGHT, her engines, tackle, furniture, apparel, appurtenances, etc., onboard and ashore, be condemned and sold, free and clear of all liens and encumbrances to satisfy the judgment of Plaintiff's Verified Complaint and that this Honorable Court award Plaintiff, Capital One, National Association, as successor by merger to North Fork Bank, out of the proceeds of said sale, the full amount of its claims as aforesaid with preference and priority over all other persons, firms, and corporations whomsoever and whatsoever;

D. That a decree may be entered in favor of plaintiff against J & K DORF, LTD, for the amount of any deficiency remaining after application of proceeds of the sale of the M/V THREE DOG NIGHT to the debt due plaintiff and plaintiff's damages together with interest, costs, attorney's fees and all other costs of this action, including Marshal's fees and expenses, fees and costs of the substitute custodian, fees and costs of keeping, preserving and protecting and selling the vessel, and future costs of this and any other necessary legal proceeding.

E. That a decree may be entered in favor of plaintiff against RANDY SCOTT DORFMAN and MARY ELLEN DORFMAN, jointly and severally, for all amounts that remain unpaid after application of proceeds of sale of the M/V THREE DOG NIGHT, to the primary obligation represented by the Marine Note and Security Agreement and First Preferred Ship Mortgage, together with the amount of any other obligations arising out of the Guaranty Agreement, plus interest, costs, attorney's fees and all other costs of this action,

including Marshal's fees and expenses, fees and costs of the substitute custodian, fees and costs of keeping, preserving and protecting and selling the vessel, and future costs of this and any other necessary legal proceeding.

F.  This Honorable Court decree the manner in which notice of the commencement of this action be given by Capital One to the owner, master or caretaker of the M/Y THREE DOG NIGHT; and

G.  Plaintiff further prays for such other, further and different relief as to this Court may deem just and proper in the premises.

                                                    Timothy P. Shusta, FBN: 442305
                                                    shustat@phelps.com
                                                    Phelps Dunbar, LLP
                                                    100 S. Ashley Drive, Ste. 1900
                                                    Tampa, Florida 33602-5315
                                                    (813) 472-7550
                                                    (813) 472-7570 Fax
                                                    Attorneys for Plaintiff, Capital One

## VERIFICATION

STATE OF FLORIDA

COUNTY OF HILLSBOROUGH

**BEFORE ME**, the undersigned authority, personally appeared Timothy P. Shusta who was duly sworn and says:

1. That he is attorney for Capital One, National Association, as successor by merger to North Fork Bank, the Plaintiff in this case, that he has read the foregoing Complaint and is familiar with its contents which are true to the best of his information and belief. The sources of his information and the grounds for his beliefs are review of various documents relating to the loan transaction that is the subject of this matter.

2. Affiant further states that he has executed this verification on behalf of the plaintiff because there is no officer or director of the plaintiff presently within the District and Jurisdiction of this Court.

FURTHER AFFIANT SAYETH NOT.

_____
Timothy P. Shusta

Affiant is personally known to me and did take an oath. SWORN TO AND SUBSCRIBED before me on July 20, 2011.

_____
NOTARY PUBLIC, STATE OF FLORIDA
AT LARGE

MY COMMISSION EXPIRES:



SUZANNE J. WALKER
Commission DD 777344
Expires June 20, 2012
Bonded Thru Troy Fain Insurance 800-385-7019