IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
IN ADMIRALTY

CASE NO. 0:11-cv-61614-XXXX

CAPITAL ONE, National Association, as successor by merger to North Fork Bank,

    Plaintiff,

vs.

M/Y THREE DOG NIGHT, her engines, boats, tackle, apparel, furniture and furnishings, equipment and appurtenances, etc., *in rem*, and J & K DORF, LTD., and RANDY SCOTT DORFMAN and MARY ELLEN DORFMAN, *in personam*,

    Defendants.
_____/

## **DEFENDANT, RANDY S. DORFMAN'S RESPONSE TO ORDER TO SHOW CAUSE**

Defendant, RANDY S. DORFMAN ("Dorfman"), by and through his undersigned counsel, hereby responds to the Order to Show Cause Why Service by Publication Should Not Be Granted [D.E. 26]. The Motion to Effect Service by Publication ("Motion") [D.E. 22] should not be granted because Plaintiff has failed to establish that personal service cannot be obtained. Alternatively, the Motion should not be granted because Plaintiff failed to perform a diligent search and inquiry to determine the location of Dorfman's whereabouts.

    **I.**    **Plaintiff Failed to Establish the Service Personal Service Cannot be Obtained**

Statutes governing service of process are strictly construed. *Shurman v. Atlantic Mortg. & Inv. Corp.*, 795 So. 2d 952 (Fla. 2001). Statutes governing constructive service require strict compliance. *Floyd v. Nat'l Mortg. Ass'n*, 702 So. 2d 1110 (Fla. 5th DCA 1998). Plaintiff's

Motion and the various affidavits relied upon therein fail to establish that personal service on Dorfman cannot be obtained. Section 49.021, Florida Statutes, states, in pertinent part: "Where personal service of process or, if appropriate, service of process under § 48.194 cannot be had, service of process by publication may be had upon any party . . ." Thus, as a condition precedent to obtaining service by publication, Plaintiff must establish that personal service cannot be obtained. If Plaintiff cannot meet that initial threshold, then service by publication is not permitted and, consequently, the Motion must be denied.

Plaintiff's Motion relies upon three (3) affidavits in order to establish that it cannot obtain personal service on Dorfman. The first affidavit [D.E. 19-4] as sworn to by Karie Castle of SLK Investigations, Inc. states the "subject has never been home/answered the door" and that "there have never been any cars parked outside of the residence." All attempts of service on Dorfman were made at his suspected residence in Las Vegas, Nevada. The second affidavit [D.E. 19-5] as sworn to by licensed private investigator Scott Kamp states that Mr. Kamp could not locate a different address other than that at which Plaintiff has already tried to serve Dorfman. Mr. Kamp further swears that Dorfman advised Mr. Kamp that he did not reside at that address. The third affidavit [D.E. 22-1] is sworn to by Ms. Castle and details further unsuccessful attempts at service. The third affidavit contains scant details but, again, only attempts service on Dorfman at Dorfman's suspected residence.

The sum and substance of the three (3) affidavits is as follows: Plaintiff believes it has identified Dorfman's residential location, despite Dorfman's statement to the contrary; Plaintiff has only attempted service on Dorfman at that address and nowhere else; and, in those attempts, Plaintiff has only spoken with a female who stated that she does not reside at the residence.

The three (3) affidavits do not establish that personal service cannot be effected on Dorfman. Rather, they merely establish that Plaintiff has not undertaken a diligent effort in order to personally serve Dorfman. Mr. Kamp, the licensed private investigator, concludes that the Las Vegas residence is Dorfman's residence. Yet, Ms. Castle has not been able to serve him there and she has never seen a car parked outside of the residence, despite hearing that people were apparently inside the residence. Ms. Castle's attempts at service appear to be limited to ringing the door bell and seeing if Dorfman answers. Ms. Castle never undertook any effort to actually verify if Dorfman was at the residence by waiting for any amount of time to see he came out of the residence or drove into the residence, which would obviously afford her an opportunity to serve him. As opposed to attempted service on Defendant Mary Dorfman, Ms. Castle never states that the residence is too secure to obtain access or ascertain whether Dorfman is indeed present. The point is that if the Las Vegas residence is Dorfman's residence, then it should not be too difficult for Plaintiff to effect service on Dorfman with any diligent effort. *See Demars v. Village of Sandalwood Lakes Homeowners Ass'n*, 625 So. 2d. 1219 (Fla. 4th DCA 1993) (proof of a few attempts service of process are insufficient to prove diligent search).

Accordingly, the Motion should be denied because Plaintiff has failed to establish that Dorfman cannot be personally served.

## II. Alternatively, Plaintiff Failed to Conduct a Diligent Search and Inquiry to Determine the Location of Dorfman's Whereabouts

Plaintiff's Motion should be denied because it failed to conduct a diligent search and inquiry to determine the location of Dorfman's whereabouts. "The test to determine whether Plaintiff conducted a diligent search and inquiry is whether the complainant reasonably employed the knowledge at his command, made diligent inquiry, and exerted an honest and

conscientious effort appropriate to the circumstance to acquire the information necessary to enable him to effect personal service on the defendant." *Demars*, 625 So. 2d. at 1224 (Fla. 4th DCA 1993) (internal quotations omitted). Further, "a diligent search for defendant's whereabouts requires inquiry of persons likely or presumed to know the defendant's location." *Shepheard v. Deutsche Bank Trust Co. Americas*, 922 So. 2d 340 (Fla. 5th DCA 2006). Mr. Kamp attests that Dorfman advised him that he did not reside at the suspected residence. Mr. Kamp's only efforts to determine another location for Dorfman's whereabouts amounts to "internet research and investigative calls". Mr. Kamp does not elaborate as to what "internet research and investigative calls" entails. One of two conclusions can be reached: 1) Mr. Kamp's "investigation" was uninspired, lacking any semblance of diligence; and/or 2) Mr. Kamp did not actually conduct the "internet research and investigative calls" that he failed to describe. Either way, given the totality of the effort undertaken by Plaintiff through Mr. Kamp's and Ms. Castle's action, Plaintiff clearly failed to employ the knowledge at his command, make diligent inquiry, or exert an honest and conscientious effort to acquire the information necessary to enable Plaintiff to effect personal service on Dorfman.

Accordingly, the Motion should be denied because Plaintiff has failed to conduct a diligent search and inquiry to determine the location of Dorfman's whereabouts.

### III. Conclusion

For the foregoing reasons, Plaintiff's Motion should be denied.

WHEREFORE, Defendant, RANDY S. DORFMAN, hereby demands that Plaintiff's Motion to Effect Service by Publication be denied and for such other and further relief as this Court deems just and proper.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 28, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                                           /s/
                                                  Monal Oza Zipper, Esq.
                                                  Florida Bar No. 37746

                                                  Monal Oza Zipper, PA
                                                  4260 NE 22 Terrace
                                                  Lighthouse Point, Florida 33064
                                                  Tel/Fax: (954) 783-1265
                                                  zipperlaw@gmail.com

## **SERVICE LIST**

Timothy P. Shusta, Esq.
shusta@phelps.com
Phelps Dunbar, LLP
100 S. Ashley Drive, Ste. 1900
Tampa, Florida 33602-5315
(813) 472-7550
(813) 427-7570
Attorneys for Plaintiff, Capital One
*Via CM/ECF*