IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
IN ADMIRALTY

CASE NO. 0:11-cv-61614-XXXX

CAPITAL ONE, National Association, as successor by merger to North Fork Bank,

    Plaintiff,

vs.

M/Y THREE DOG NIGHT, her engines, boats, tackle, apparel, furniture and furnishings, equipment and appurtenances, etc., *in rem*, and J & K DORF, LTD., and RANDY SCOTT DORFMAN and MARY ELLEN DORFMAN, *in personam,*

    Defendants.
_____/

RANDY SCOTT DORFMAN,

    Third-Party Plaintiff

vs.

THOMAS E. BIDDIX,

    Third-Party Defendant.
_____/

**DEFENDANT/THIRD-PARTY PLAINTIFF, RANDY S. DORFMAN'S**
**THIRD-PARTY COMPLAINT**

COMES NOW, Defendant/Third-Party Plaintiff, RANDY S. DORFMAN ("Dorfman"), by and through his undersigned counsel, and hereby sues Third Party Defendant, THOMAS E. BIDDIX, and alleges:

1. Defendant/Third-Party Plaintiff, RANDY S. DORFMAN ("Dorfman") is an individual with a principal place of residence in Las Vegas, Nevada.

2. Third-Party Defendant, THOMAS E. BIDDIX ("Biddix"), is an individual whose current residence is in Brevard County, Florida.

3. J&K DORF, LTD. ("J & K Dorf"), at all times material was a company organized under the laws of Tortolas, British Virgin Islands, and was the owner of the M/V "THREE DOG NIGHT."

4. On or about November 30, 2005, J&K DORF, LTD. purchased the yacht "THREE DOG NIGHT."

5. On or about October 16, 2009, Dorfman and Biddix executed a Stock Pledge Agreement ("Pledge Agreement"), Stock Purchase Agreement ("Stock Purchase") and Promissory Note ("Note") (collectively referred as "Agreements"). True and correct copies of the Stock Purchase, Pledge Agreement and Note are attached hereto as **Exhibits "A", "B"** and **"C"**, respectively, and incorporated herein by reference.

6. As part of the Stock Purchase, Dorfman agreed to sell one hundred percent (100%) of the stock in J & K Dorf to Biddix for $2,000,000.00, the sole asset of which was the Three Dog Night.

7. As part of the Note, Biddix agreed to make any and all payments due under the Note directly to Plaintiff, CAPITAL ONE BANK, N.A. ("Plaintiff").

8. As part of the Pledge Agreement, Biddix agreed to indemnify and hold harmless Dorfman on demand against all expenses, losses, consequences, or damages suffered by Dorfman arising from or relating to any claim, demand, action or proceeding brought by any

person(s) whomsoever in connection with or relating to the Collateral of the Stock Pledge Agreement, including the Three Dog Night.

9. On or about July 21, 2011, Plaintiff initiated the underlying Complaint [D.E. 1] in this action against Dorfman alleging Breach of a Personal Guaranty arising out of J&K Dorf's default of the Marine Note and Security Agreement. Plaintiff's Complaint is incorporated herein by reference.

10. On or about April 11, 2012, Cross Claimant MARY ELLEN DORFMAN ("M. Dorfman") initiated a Cross-Claim [D.E. 56] against Dorfman alleging Contribution and Indemnity arising out of Plaintiff's Complaint. M. Dorfman's Cross Claim is incorporated herein by reference.

11. Should Dorfman be found liable for any payments to the Plaintiff or M. Dorfman, Dorfman is owed contribution and/or indemnity from Biddix.

12. All conditions precedent to bringing this action have been performed, satisfied, waived or otherwise discharged.

13. As a result of Biddix' actions and in prosecution of this Third-Party Complaint, Dorfman engaged the undersigned law firm and is obligated to pay same a reasonable fee.

### COUNT I – CONTRIBUTION RELATED TO PLAINTIFF'S CLAIMS

14. Dorfman reaffirms and realleges paragraphs 1 through 13 above as though fully incorporated herein and further alleges:

15. That Dorfman has been sued for damages by the Plaintiff.

16. That Biddix failed to make the required payments to the Plaintiff pursuant to the Note.

17. That Biddix' actions were a proximate cause of all or a part of the Plaintiff's alleged damages.

18. That Dorfman is entitled to contribution from Biddix for his share of the Plaintiff's damages.

**WHEREFORE**, the Third-Party Plaintiff, RANDY S. DORFMAN, demands judgment against the Third-Party Defendant, THOMAS E. BIDDIX, for contribution, costs, interest on liquidated amounts, attorneys' fees, and any other awards this Court deems just and proper.

### COUNT II – INDEMNIFICATION RELATED TO PLAINTIFF'S CLAIMS

19. Dorfman reaffirms and realleges paragraphs 1 through 17 above as though fully incorporated herein and further alleges:

20. That Dorfman has been sued for damages by the Plaintiff.

21. Biddix has failed to indemnify Dorfman for the damages and liabilities to the Plaintiff now being sought from Dorfman.

22. That Dorfman's liability, if any, to the Plaintiff, is derivatively, secondarily or vicariously for the liability and obligations of Biddix.

23. That Dorfman is entitled to contractual and/or common law indemnification from Biddix.

24. That Dorfman is entitled to indemnification based on the Agreements by Biddix to make payments to Plaintiff and to indemnify and hold harmless Dorfman.

**WHEREFORE**, the Third-Party Plaintiff, RANDY S. DORFMAN, hereby demands judgment against the Third-Party Defendant, THOMAS E. BIDDIX, for indemnification, costs, pre-judgment interest, and liquidated damages, attorney's fees, and any awards the Court deems just and proper.

**COUNT III – CONTRIBUTION RELATED TO M. DORFMAN'S CLAIMS**

25. Dorfman reaffirms and realleges paragraphs 1 through 13 above as though fully incorporated herein and further alleges:

26. That Dorfman has been sued for damages by M. Dorfman.

27. That Biddix failed to make the required payments to the Plaintiff pursuant to the Note.

28. That Biddix' actions were a proximate cause of all or a part of M. Dorfman's alleged damages.

29. That Dorfman is entitled to contribution from Biddix for his share of the M. Dorfman's damages.

**WHEREFORE**, the Third-Party Plaintiff, RANDY S. DORFMAN, demands judgment against the Third-Party Defendant, THOMAS E. BIDDIX, for contribution, costs, interest on liquidated amounts, attorneys' fees, and any other awards this Court deems just and proper.

**COUNT IV – INDEMNIFICATION RELATED TO M. DORFMAN'S CLAIMS**

30. Dorfman reaffirms and realleges paragraphs 1 through 13 and 25 through 28 above as though fully incorporated herein and further alleges:

31. That Dorfman has been sued for damages by M. Dorfman.

32. Biddix has failed to indemnify Dorfman for the damages and liabilities to M. Dorfman now being sought from Dorfman.

33. That Dorfman's liability, if any, to M. Dorfman, is derivatively, secondarily or vicariously for the liability and obligations of Biddix.

34. That Dorfman is entitled to contractual and/or common law indemnification from Biddix.

35.     That Dorfman is entitled to indemnification based on the Agreements by Biddix to make payments to Plaintiff and to indemnify and hold harmless Dorfman.

**WHEREFORE**, the Third-Party Plaintiff, RANDY S. DORFMAN, hereby demands judgment against the Third-Party Defendant, THOMAS E. BIDDIX, for indemnification, costs, pre-judgment interest, and liquidated damages, attorney's fees, and any awards the Court deems just and proper.

Monal Oza Zipper, P.A.
4260 NE 22 Terrace
Lighthouse Point, Florida 33064
Tel/Fax: (954) 783-1265

_____/s/_____
Monal Oza Zipper, Esq.
Florida Bar No. 37746
zipperlaw@gmail.com